
**FILED**
**NOVEMBER 21, 2008**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DOUGLAS EARL BROADWAY, PRO SE, | § | |
| A.K.A. DOUGLASS EARL BROADWAY, | § | |
| TDCJ-CID No. 1157375, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0242 |
| | § | |
| MICHAEL S. BRANIGAN, RN, BS, | § | |
| ROY FISHER, DO, and | § | |
| CHERYL GARY, RN, FNP, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff DOUGLAS EARL BROADWAY, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges the defendants displayed deliberate indifference to his serious medical needs during treatment of his Hepatitis C, resulting in harm to his voice which makes if difficult for him to speak. Plaintiff requests compensatory and punitive damages and medical care from a free world doctor.

### JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff's pro se complaint, even when liberally construed, states no claim of deliberate indifference against any of the defendants. Plaintiff's detailed allegations and attachments show he received treatment for Hepatitis C with regular monitoring of his liver function and blood count and that such treatment was successful. Moreover, during that time, his complaints resulted in prompt admission to health care providers who took his complaints seriously and adjusted his treatment as necessary. Although plaintiff experienced a pink, sore throat at the end of the treatment period and complained of trouble speaking, he refused the appointment with a specialist which had been scheduled for him at his own request, submitting his refusals on April 5, 2007, April 9, 2007, and April 17, 2007. Plaintiff changed his mind on April 23, 2007 and was subsequently seen by an ENT specialist at the Montford Unit, who found nothing wrong with plaintiff.

Plaintiff has since been transferred to the Hamilton Unit, but his medical problem has not been resolved.

Nothing in the facts presented by plaintiff supports a claim of deliberate indifference by any of the defendants. Further, to the extent plaintiff's claim against defendant BRANIGAN is based upon his supervisory position, the acts of subordinates trigger no individual section 1983

liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by BRANIGAN and has alleged no fact showing any causal connection between his acts or omissions and the alleged constitutional violation.

Plaintiff's allegations against all the defendants fail to state a claim on which relief can be granted. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff DOUGLAS EARL BROADWAY be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the

General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

    IT IS SO ORDERED.

    ENTERED THIS 21st DAY OF NOVEMBER, 2008.

    /s/ Mary Lou Robinson
    MARY LOU ROBINSON
    UNITED STATES DISTRICT JUDGE